**In re John J. BARBERA Cheryl K. Barbera, Debtors.**

**No. 02–11413.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 15, 2002.

Russell D. Raskin, Esq., Raskin & Berman, Providence, RI, for Debtors.

Marc D. Wallick, Esq., Wallick & Associates, Warwick, RI, Chapter 7 Trustee.

### ORDER DENYING EXEMPTION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Trustee's Objection to a claimed exemption in a 1979 Sea Ray cabin cruiser, valued by the Debtors at $2,500. At issue is whether this boat may be classified as a "motor vehicle," which would render it exempt under R.I. Gen. Laws § 9–26–4(13). For the reasons set forth below, I find that the Debtors' boat does not qualify as exempt property.

### BACKGROUND

John and Cheryl Barbera filed a joint Chapter 7 petition and elected the exemptions allowed under Rhode Island law. If a state has not opted out of the federal exemption scheme, Code Section 522(b) allows the debtor to choose either federal or state exemptions. See 11 U.S.C. §§ 522(b)(2). Rhode Island has not opted out. The statute in question, R.I. Gen. Laws § 9–26–4(13), exempts from attachment: "Any and all motor vehicles owned by the debtor not to exceed an aggregate total of ten thousand dollars ($10,000)." The parties stipulated that the boat is used for "business, recreation and transportation." If this vessel were actually used for business, it *might* be exempt as a tool of the Debtor's trade under R.I. Gen. Laws § 9–26–4(2), but since this argument was not made, it is waived. Also, based on the Debtor's sworn statement that he is a car-

penter, without explanation as to how his job requires him to have a boat, the stipulation as to business use of the boat is rejected, and is not an issue here.

### DISCUSSION

In their post-hearing submissions the parties cite to no case law dealing directly with the question whether a boat is a motor vehicle, and we have found nothing helpful, either. In an obvious stretch, the Debtors rely on the definition of "vehicle" according to Black's Law Dictionary: "[s]omething used as an instrument of conveyance; any conveyance used in transporting passengers or merchandise by land, water, or air." Black's Law Dictionary 1551 (7th ed.1999). Nowhere in Black's, however, is "motor vehicle" defined. The Trustee argues that the General Assembly did not intend to include boats within the scope of the definition of motor vehicle as used in R.I. Gen. Laws § 9–26–4(13). Since neither Black's nor any other referenced authority addresses the question presented, the task becomes one of statutory construction, so we will look to the legislative intent for an answer.

R.I. Gen. Law § 9–26–4 was amended in 2001 to include paragraph 13, which exempts from attachment "[a]ny and all motor vehicles owned by the debtor not to exceed an aggregate total of ten thousand dollars ($10,000)." R.I. Gen. Laws § 9–26–4(13). Said amendment was introduced on February 6, 2001, see H.R. 5583 128th Leg. (R.I.2001), the bill passed without

change by either chamber of the General Assembly, and became law on July 13, 2001, without the Governor's signature. See Rhode Island House of Representatives Journal, April 25, 2001, and Rhode Island Senate Journal, June 28, 2001.

There is no legislative history on this specific statute, and since the "plain meaning" approach isn't helpful, it is necessary to look to the past to see how the Rhode Island General Assembly has used the term "motor vehicle" in other legislation.

Neither does earlier Rhode Island legislation on the subject suggest that the term "motor vehicle," used generally, should include boats or watercraft. First, *motor vehicles* are governed by Title 31, while *vessels* are governed by Title 46.[1] Second, the Rhode Island General Laws require that *motor vehicles* be registered in accordance with § 31–3–2, while registrations for *motorboats* are governed by § 46–22–4. Third, § 31–3–2, pertaining to motor vehicle registration, specifically refers to vehicles "operated or drawn upon a highway within this state." R.I. Gen. Laws § 31–3–2. Fourth, different government agencies have been designated to regulate the various modes of transportation, for example: the Division of Motor Vehicles, an entity within the Department of Administration, is responsible for administering Title 31, Motor and Other Vehicles, see R.I. Gen. Laws § 31–2–1, whereas, the Department of Environmental Management is responsible for the regulation of boats. See R.I.

---

1. Title 31 defines a *motor vehicle* as "every vehicle which is self propelled or propelled by electric power obtained from overhead trolley wires, but not operated upon rails, except vehicles moved exclusively by human power and motorized wheelchairs." R.I. Gen. Laws § 31–1–3(n). This definition is ambiguous until the definition of *vehicle* is examined. The statute defines a *vehicle* as "every device in, upon, or by which any person or property is or may be transported or drawn upon a

highway, except devices used exclusively upon stationary rails or tracks." R.I. Gen. Laws § 31–1–3(w). On the other hand, Title 46 defines a *motorboat* as "any vessel whether or not the vessel is propelled by machinery" and a *vessel* is defined as "every description of watercraft, other than a seaplane on the water, used or capable of being used as a means of transportation on water." R.I. Gen. Laws § 46–22–2(2) and (7).

Gen. Laws § 46–22–17. The list does not end here, and the General Laws are littered with examples of the separate treatment of motor vehicles versus boats or vessels—more than necessary for this discussion.[2]

 In light of the traditionally separate and differing legislative treatment of land vehicles and watercraft under Rhode Island law, it is clear that "motor vehicle" as used in R.I. § 9–26–4(13) refers to vehicles that travel on land. If the General Assembly intended to include things marine in the exemption statute, I think it would have said so, rather than being silent on the subject. This belief is bolstered by R.I. Gen. Laws §§ 8–8.2–2, 11–17–13(e)(1)(i), 42–64–3(19), and 44–14–14.2(u), where in using the terms "motor vehicle" and "vessel" in the same sentence, the legislature spoke in terms of the two modes of transportation where it intended to treat them separately.

Based upon Rhode Island's historical treatment of motor vehicles versus boats, I conclude that by specifying only *motor vehicles* in § 9–26–4(13), the legislature did not intend to provide an exemption for boats, as well.[3] The Trustee's objection to the claimed exemption is SUSTAINED, and he should determine the fair market value of the boat and then liquidate it for the benefit of creditors.

Enter judgment in accordance with this Order.

---

2. I.e., motor vehicle certificates of title are governed by R.I. Gen. Laws § 31–3.1–1 (2000), and boat titles are governed by R.I. Gen. Laws § 46–22.1–3 (1996). Driving a motor vehicle while intoxicated is governed by R.I. Gen. Laws § 31–27–4 (2000), and operating a boat while intoxicated comes within R.I. Gen. Laws § 46–22.2–3 (1996).

3. This would be a harder case if the vehicle happened to be amphibious, such as the ubiquitous sightseeing "duck", but we will not cross that bridge or ford that stream until we get there.